IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02504-BNB

GERALD SMALL,

    Applicant,

v.

UNITED STATES OF AMERICA,

    Respondent.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JAN 21 2010

GREGORY C. LANGHAM
CLERK

## ORDER OF DISMISSAL

Applicant, Gerald Small, is a prisoner in the custody of the United States Bureau of Prisons (BOP) and is currently incarcerated at the Federal Prison Camp in Florence, Colorado. Mr. Small initiated this action by filing through counsel an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241.

In an order filed October 28, 2009, Magistrate Judge Boyd N. Boland directed Respondent to file a Preliminary Response limited to addressing the affirmative defense of exhaustion of administrative remedies if Respondent intends to raise that affirmative defense in this action. Because Respondent failed to file a Preliminary Response as directed, Magistrate Judge Boland entered a second order directing Respondent to file a Preliminary Response on December 1, 2009. On December 9, 2009, Respondent filed a Preliminary Response. Mr. Small has not filed a Reply.

On January 6, 2010, Magistrate Judge Boland determined that a supplement to the Preliminary Response was required because Respondent had failed to file certain

1

attachments cited in the Preliminary Response. Respondent filed a supplement to the Preliminary Response on January 12, 2010. For the reasons stated below, the application will be dismissed without prejudice for failure to exhaust administrative remedies.

In the application, Mr. Small alleges the BOP is unlawfully confining him in a prison facility when he should be housed in a residential re-entry center. Application at 2. Mr. Small further alleges that the sentencing court made a judicial recommendation that he be placed in a residential re-entry center, and that the BOP has illegally failed to comply with the court's order. *Id.*

Respondent argues that this action should be dismissed for failure to exhaust administrative remedies. Exhaustion of administrative remedies is a prerequisite to federal habeas corpus relief pursuant to 28 U.S.C. § 2241. **See Williams v. O'Brien**, 792 F.2d 986, 987 (10th Cir. 1986) (per curiam). The exhaustion requirement is satisfied through proper use of the available administrative procedures. **See Woodford v. Ngo**, 548 U.S. 81, 90 (2006).

The BOP administrative remedy procedure is available to Mr. Small. **See** 28 C.F.R. §§ 542.10–542.19. The administrative remedy procedure allows "an inmate to seek formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10(a). Generally, a federal prisoner exhausts administrative remedies by attempting to resolve the matter informally and then completing all three formal steps by filing an administrative remedy request with institution staff as well as regional and national appeals. **See** 28 C.F.R. §§ 542.13–542.15.

According to the BOP records submitted by Respondent in support of the Preliminary Response, Mr. Small has filed one request for administrative remedy at the institutional level related to the issue of his placement, identified as Remedy ID Number 558789-F1. Prelim. Resp. at Ex. A, p. 4; Supplement at Attach. 2, p. 4. However, Mr. Small has not filed an appeal of this remedy to the Regional or Central Office. *See id.* Therefore, Mr. Small has not exhausted his administrative remedies related to his claim in this action.

Mr. Small argues that requiring exhaustion of administrative remedies is futile, Application at 3. Mr. Small is correct that the exhaustion requirement may be waived if exhaustion would be futile. *See Fraley v. U.S. Bureau of Prisons*, 1 F.3d 924, 925 (9th Cir. 1993) (per curiam). However, Mr. Small fails to convince the Court that exhaustion of administrative remedies would be futile in this action. Mr. Small asserts that exhaustion of administrative remedies in this case is not warranted, because it would result in his "wrongful detention" and "irreparably harm" him. Application at 3. Mr. Small's assertions are vague and conclusory. He has not shown affirmatively that exhausting BOP remedies would be useless. *See Clonce v. Presley*, 640 F.2d 271, 273 (10th Cir. 1981). Mr. Small is required to follow the procedures set forth in 28 C.F.R. §§ 542.13–542.15 to exhaust his administrative remedies. Mr. Small may not exhaust his "administrative remedies by, in essence, failing to employ them." *See Jernigan v. Stuchell*, 304 F.3d 1030, 1033 (10th Cir. 2002).

For the reasons set forth above, the Court finds that Mr. Small has failed to exhaust his administrative remedies with regard to his claim. Furthermore, he still is

able to complete exhaustion of his administrative remedies. Therefore, the instant action will be dismissed without prejudice for failure to exhaust administrative remedies. Accordingly, it is

ORDERED that the Application is denied and the action is dismissed without prejudice for failure to exhaust administrative remedies.

DATED at Denver, Colorado, this 20 day of January, 2010.

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-02504-BNB

Robert McAllister
Attorney at Law
**DELIVERED ELECTRONICALLY**

William Pharo
Assistant United States Attorney
**DELIVERED ELECTRONICALLY**

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 1/21/10

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk